IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES R. GETZ, JR., | § | |
| | § | No. 527, 2017 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| BOARD OF PAROLE, | § | |
| | § | C.A. No. N17C-11-054 |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted:  January 30, 2018
Decided:  March 28, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 28th day of March 2018, upon consideration of the rule to show cause, the appellant's response, and the record on appeal, it appears to the Court that:

(1)    The appellant, Charles R. Getz, Jr., filed this appeal from an order of the Superior Court dated November 20, 2017, dismissing his complaint seeking declaratory and injunctive relief against the Board of Parole.  The Superior Court dismissed the complaint as legally frivolous because the Board of Parole had denied Getz's application for parole in

August 2016, and thus there was no longer an "actual controversy"[1] to support a claim for declaratory or injunctive relief.

(2) Along with his notice of appeal, Getz also filed a motion to proceed *in forma pauperis* in this Court. The motion did not comply with Supreme Court Rule 20(h) and was stricken. The Court Clerk wrote to Getz on January 2, 2018 and directed him to file a motion in compliance with the Court's rule by January 16, 2018. The letter informed Getz that no further action would be taken in his appeal until he did so. Getz did not refile his motion as instructed in the Clerk's letter. Accordingly, on January 18, 2018, the Court issued a notice to Getz to show cause why his appeal should not be dismissed for his failure to prosecute.

(3) Getz filed a response to the notice to show cause on January 30, 2018. The response reflects Getz's objection to Section 14 of the Court's Official Form Q, which requires an appellant who is moving to proceed *in forma pauperis* to swear or affirm that, "I understand that, if I am permitted to proceed *in forma pauperis* in this matter and the Court later dismisses this action or otherwise enters a judgment against me, then the Court may require me to pay all costs and fees associated with this action and, if so ordered, shall

---

[1] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014) (declaratory judgment action in Delaware must present an actual controversy that is ripe for adjudication).

2

retain jurisdiction over me until the costs and fees are paid."[2] Getz asserts that Article I, § 9 of the Delaware Constitution requires the Courts to be open and that he is entitled to a remedy "without sale, denial, or unreasonable delay or expense."[3] He argues that the Court's Rule 20, Official Form Q, and 10 *Del. C.* ch. 88 are unconstitutional to the extent that they authorize the Court to charge him a filing fee or to inquire into his financial status.

(4) We reject Getz's argument. Permission to proceed as a pauper without prepayment of the filing in a civil matter is a matter of privilege, not a right.[4] Neither Rule 20, Official Form Q nor 10 *Del. C.* ch. 88 bars an indigent person access to courts in Delaware or otherwise violates an indigent prisoner's constitutional rights.[5] Despite Getz's argument to the contrary, the United States Supreme Court has never held that courts cannot collect a fee from prisoners filing civil lawsuits.[6] We find no merit to Getz's argument that

---

[2] Supr. Ct. Official Form Q. Section 14 of Official Form Q derives from 10 *Del. C.* § 8803(d), which provides, "If, at any time, the court dismisses an action or otherwise enters judgment against a litigant proceeding in forma pauperis, the jurisdiction of the court over the litigant continues until all costs and fees associated with the action are paid."

[3] Del. Const. art. IV, § 9.

[4] *See Walls v. Phelps*, 2014 WL 279472, *2 (Del. Jan. 23, 2014) (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001)).

[5] *Id.*

[6] *See, e.g., Bruce v. Samuels*, 136 S.Ct. 627, 632-33 (2016) (upholding Court of Appeals' ruling that prisoner's filing fees in current case were due simultaneously with fees owed in prior cases because such an approach "more vigorously serves the statutory objective of containing prisoner litigation….").

it is unconstitutional for the Court to charge him a fee or to inquire into his financial status in order to determine his ability to pay a fee.

(5) Under the circumstances, we dismiss this appeal for Getz's failure to prosecute it diligently by refusing to comply with the Court's January 2, 2018 directive to file an *in forma pauperis* motion in compliance with the Court's rules.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

4